**Monserrate Trinidad MACIAS, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 04–70639.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2006.\*\*

Filed March 1, 2006.

Monserrate Trinidad Macias, Oxnard, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Virginia Lum, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: B. FLETCHER, TASHIMA and CALLAHAN, Circuit Judges.

MEMORANDUM \*\*\*

Monserrate Trinidad Macias, a native and citizen of Equador, petitions *pro se* for review of the Board of Immigration Appeals' ("BIA") denial of her motion to reopen removal proceedings following the BIA's summary affirmance of an Immigration Judge's ("IJ") denial of her application for cancellation of removal. Petitioner contends that the BIA abused its discretion by failing to address her son's learning disability (attention deficit hyperactivity disorder), and in denying her motion to reopen.

As the BIA acted within its broad discretion in denying Macias' motion to reopen based on her failure to establish that her son could not receive proper medical attention in Equador, we lack jurisdiction to review that decision. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *INS v. Doherty*, 502 U.S. 314, 322, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992); *Romero–Torres v. Ashcroft*, 327 F.3d 887, 891 (9th Cir.2003); *Kalaw v. INS*, 133 F.3d 1147, 1152 (9th Cir.1997).

We do, however, have jurisdiction to address Macias' due process challenge. *Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005). But such a challenge must, at least, be "colorable." *Id.* Macias' contention that the BIA misapplied the law to the facts of her case does not meet this requirement. *Id.* We therefore deny Macias' due process challenge.

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

PETITION FOR REVIEW DENIED in part and DISMISSED in part.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.